

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN, TEXAS 78711

JOHN L. HILL
ATTORNEY GENERAL

February 10, 1975

The Honorable Preston Stevens
County Attorney
Wheeler County
P.O. Box 571
Shamrock, Texas 79079

Opinion No. H- 520

Re: County participation in construction of a privately operated livestock show barn.

Dear Mr. Stevens:

You have requested our opinion regarding whether the Commissioners Court of Wheeler County may contribute $50,000.00 toward the construction of a livestock show barn, which facility would be owned and operated by the Wheeler County Livestock Association, a private non-profit organization.

Article 2372d-2, V.T.C.S., authorizes:

> [t]he Commissioners Court of any county . . . to purchase, build, or construct buildings and other permanent improvements to be used for annual exhibits of horticultural and agricultural products, and/or livestock and mineral products of the county . . .

Payment must be made from the constitutional permanent improvement fund.

Although this statute does not itself prohibit a county's participation in the construction of facilities in which the title thereto is vested elsewhere, article 3, section 52 of the Texas Constitution contains an affirmative proscription:

> Except as otherwise provided by this section, the Legislature shall have no power to authorize

> any county, city, town or other political corpora-
> tion or subdivision of the State to lend its credit
> or to grant public money or thing of value in aid
> of, or to any individual, association or corpora-
> tion whatsoever, or to become a stockholder in
> such corporation, association or company.

There is no question that the Wheeler County Livestock Associa-
tion is an "association or corporation" within the meaning of article 3,
section 52.

Under the provisions of article 2372d-3, V. T. C. S., a county may:

> . . . enter into contracts with persons, firms, or
> corporations for complete management of, the con-
> ducting, maintenance, use, and operation of such
> exhibits, buildings and improvements on such terms
> as may be agreeable to the Court, and shall have the
> authority to lease such exhibits, buildings and improve-
> ments on such terms as may be agreeable to the Court,
> and shall have the authority to lease such exhibits,
> buildings and improvements under such terms and
> agreements as may be satisfactory to the Commissioners
> Court and the lessee.

The Commissioners Court thus may permit the Wheeler County Livestock
Association for adequate consideration to lease and operate a county
facility.  See e.g. Attorney General Opinions H-472 (1974), H-403 (1973).
Although the county may not contribute to the erection of a show barn by
a private corporation, it may be possible for the county to contract with
the private corporation concerning premises owned by the county for the
purposes set out in the statute.

### SUMMARY

> A county may not contribute public funds to the
> construction of a facility to be owned and operated
> by a private corporation.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

p. 2347

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee

lg